(Reap. Dec. 9860)

## A. N. DERINGER, INC. *v.* UNITED STATES

Entry No. F–2894, etc.

(Decided November 29, 1960)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule A, attached to and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court, as to the merchandise described as doors, with or without other words or description, on the invoices covered by Schedule A attached hereto and made a part hereof:

1. That at the time of exportation to the United States of the said merchandise, such or similar merchandise was not offered for sale in the country of exportation for home consumption or for exportation to the United States, or for sale in the United States under the terms and conditions described in Sec. 402 (c) (d) and (e) of the Tariff Act of 1930, as amended, as it existed at the time of exportation of the said merchandise; and that there was no foreign, export, or United States value for such or similar merchandise, as defined in said subsections.

2. That the merchandise and issues are similar in all material respects to those involved in *United States* v. *A. N. Deringer,* A.R.D. 102, and that the record in said case may be incorporated into the record herein.

3. That the cost of production as defined in Sec. 402(f) of the Tariff Act of 1930, as amended, as it existed at the time of exportation of the said merchandise was in each instance the appraised value less the amount added to meet advances by the appraiser in similar cases.

4. That the appeals for reappraisement enumerated in said Schedule A are submitted for decision on the foregoing stipulation.

Insofar as the statement attempts to stipulate an issue of law, namely, that there was no statutory foreign, export, or United States value for such or similar merchandise, under section 402, it is of no force or effect. Parties may stipulate facts. They may not stipulate the issues of law which are before the court for its decision.

The stipulated facts are, however, sufficient for decision.

Accepting this stipulation as an agreed statement of facts, I find and hold that cost of production, as defined in section 402(f) of the Tariff Act of 1930, in effect at the time of the importation, is the proper

basis for determination of value of the merchandise described as doors, with or without other words of description, on the invoices covered by the schedule A appeals, and that such value is the appraised value, less the amount added by the importer in each instance to meet advances by the appraiser in similar cases.

The appeals, as they relate to other merchandise, are dismissed. Judgment will be entered accordingly.